# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| PRINCIPLE REALTY GROUP, INC. | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION

Plaintiff, Principal Financial Services, Inc. (hereinafter "Plaintiff" or "Principal"), brings this action against Defendant, Principle Realty Group, Inc. (hereinafter referred to as "Principle Realty" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. Principal brings this action to protect one of its most valuable assets: its PRINCIPAL trademark. Principal seeks to put an end to the Defendant's unlawful use of the infringing PRINCIPLE REALTY GROUP name and service mark, despite Principal's demands that it do so. Principal therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and trademark dilution under the Lanham Act, Title 15, United States Code § 1051, *et seq.*, and the statutes and common laws of the State of Illinois.

## PARTIES

2. Principal is a corporation duly organized and existing under the laws of the State of Iowa and located at 711 High Street, Des Moines, Iowa 50392.

3. Principal is a direct, wholly-owned subsidiary of Principal Financial Group, Inc. (NYSE-PFG).

4.     Principal is the owner of its famous family of PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world.  Principal, through its various member companies and licensees, uses its famous family of PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of services including, but not limited to, real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services.

5.     Defendant is an Illinois Corporation doing business under the name PRINCIPLE REALTY GROUP at 1812 S. Calumet Ave., Chicago, IL 60616.

6.     Upon information and belief, Defendant offers real estate brokerage services ("Defendant's Services") throughout the State of Illinois and in interstate commerce under the trade name and service mark PRINCIPLE REALTY GROUP.

## JURISDICTION AND VENUE

7.     This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

8.     This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

9.     This Court has personal jurisdiction over Defendant because Defendant transacts business within this District and has sufficient minimum contacts with the State of Illinois.  Defendant purposefully availed itself of the benefits of doing business in Illinois by actually transacting

business in Illinois, and can reasonably anticipate being haled into court in Illinois as a result of those business transactions.

10. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendant markets and offers its services in interstate commerce and within the Northern District of Illinois under the PRINCIPLE REALTY GROUP trade name and service mark.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Famous PRINCIPAL Family of Trademarks

11. Principal is one of the oldest and most respected providers of real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, estate planning tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services (hereinafter "Plaintiff's Services"). Principal was founded more than a century ago, and it, and its affiliates, have used the PRINCIPAL mark since at least 1960. Today Principal is one of the top providers of retirement and insurance services in the United States, and has more than $655 billion in assets under management. Examples of Principal's use of its PRINCIPAL mark can be found in attached Exhibit A.

12. By virtue of its longstanding and widespread use of the PRINCIPAL mark in connection with a variety of services, Principal is the owner of the famous family of PRINCIPAL and PRINCIPAL formative trademarks, including, but not limited to, the PRINCIPAL, THE PRINCIPAL, PRINCIPAL FINANCIAL GROUP, PRINCIPAL REAL ESTATE INVESTORS, PRINCIPAL GLOBAL INVESTORS, PRINCIPAL LIFE INSURANCE COMPANY marks. Principal has applied for and obtained numerous United States Trademark Registrations for marks that consist of or incorporate the term "Principal," and has used numerous PRINCIPAL formative marks, which are detailed in the chart attached hereto as Exhibit B. Copies of

Principal's United States Trademark Registrations are attached hereto as Exhibit C. Principal's commonlaw PRINCIPAL formative marks along with the uses, Registrations and Applications reflected in Exhibits A, B and C are hereinafter collectively referred to as the "PRINCIPAL Family of Marks".

13. Principal has made an enormous investment, exceeding one billion dollars, in advertising and promoting its products and services under the PRINCIPAL Family of Marks. As a result, Plaintiff has acquired valuable goodwill in association with the PRINCIPAL Family of Marks, which have become widely recognized by the general consuming public of the United States as a designation of source for Principal's services. Principal's customers have come to rely on the PRINCIPAL Family of Marks as a symbol of quality and reliability.

14. Since long before the acts of the Defendant complained of herein, Principal and/or its affiliates, licensees, or predecessors-in-interest have continuously used one or more of the marks that comprise its PRINCIPAL Family of Marks in the State of Illinois and elsewhere in interstate commerce.

## Defendant's Infringing Acts

15. Upon information and belief, Defendant offers Defendant's Services in interstate commerce and in channels of trade similar to those of Principal and/or its affiliates and/or licensees.

16. Upon information and belief, Defendant operates its business at 1812 S. Calumet Ave, Chicago, IL 60616.

17. Upon information and belief, notwithstanding Principal's well-established rights in and to the PRINCIPAL Family of Marks and with constructive and/or actual knowledge of same, Defendant commenced use, within the State of Illinois and in interstate commerce, of the

PRINCIPLE REALTY GROUP trade name and service mark in connection with Defendant's Services.

18. Despite actual and/or constructive notice of Principal's rights in and to its PRINCIPAL Family of Marks, Defendant registered the trade name PRINCIPLE REALTY GROUP as a Corporation with the Illinois Secretary of State.

19. Defendant's use of the PRINCIPLE REALTY GROUP trade name and service mark is likely to cause confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Plaintiff's PRINCIPAL Family of Marks.

20. Defendant's PRINCIPLE REALTY GROUP trade name and service mark is identical or virtually identical and/or confusingly similar to one or more of Plaintiff's PRINCIPAL Family of Marks.

21. Plaintiff's Services and Defendant's Services, as well as the classes of consumers who purchase such services, are identical or virtually identical.

22. Defendant adopted the PRINCIPLE REALTY GROUP trade name and service mark without the express or implied consent of Plaintiff.

23. At no time did Plaintiff authorize, license, or otherwise permit Defendant to use and/or display any of the marks making up the famous PRINCIPAL Family of Marks and/or any marks that incorporate PRINCIPAL and/or PRINCIPLE.

24. Upon information and belief, Defendant adopted, used, and continues to use the PRINCIPLE REALTY GROUP trade name and service mark with the intent to trade on and/or capitalize on the goodwill symbolized by the famous PRINCIPAL Family of Marks.

25. Defendant has used and continues to use the PRINCIPLE REALTY GROUP trade name and service mark in interstate commerce in connection with Defendant's Services in direct

violation of PRINCIPAL'S rights in and to the PRINCIPAL Family of Marks, despite Plaintiff's consistent and ongoing objection to the same.

26. In light of Defendant's actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

27. Defendant's past and ongoing use of the PRINCIPLE REALTY GROUP trade name and service mark, which is identical and/or confusingly similar to one or more of the marks making up the famous PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks, as well as Plaintiff's business reputation.

28. Defendant's past and ongoing use of the PRINCIPLE REALTY GROUP trade name and service mark, which is identical and/or confusingly similar to one or more of the marks making up the famous PRINCIPAL Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

29. Defendant has and continues to have no legitimate reason or good faith basis to use the PRINCIPLE REALTY GROUP trade name and service mark in commerce.

30. Upon information and belief, Defendant's intent in obtaining and using the infringing trade name and service mark was and is to profit from the goodwill and value associated with one or more of the marks making up the famous PRINCIPAL Family of Marks.

## COUNT I

**Violations of Section 32(1) of the Lanham Act – Trademark Infringement**

31.     Principal repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

32.     Defendant's use of the PRINCIPLE REALTY GROUP trade name and service mark is likely to cause public confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

33.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure Principal, and/or to reap the benefit of Principal's goodwill associated with the PRINCIPAL Family of Marks.

34.     Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

35.     Defendant's acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

36.     Plaintiff has no adequate remedy at law.

37.     Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

38.     Principal repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

39.     Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely, to cause such parties to believe, in error, that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by Principal, or that Defendant is in some way affiliated with Principal, which it is not.

40.     Defendant's use of the PRINCIPLE REALTY GROUP trade name and service mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

41.     Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

42.     Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

43.     Plaintiff has no adequate remedy at law.

44.     Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT III

### Violation of Section 43(c) of the Lanham Act – Trademark Dilution

45. Principal repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

46. Based on the inherent and/or acquired distinctiveness of the PRINCIPAL Family of Marks; the duration and extent of Principal's use of the PRINCIPAL Family of Marks; the duration and extent of advertising featuring the PRINCIPAL Family of Marks; the geographic area in which Principal has sold and advertised goods and/or services featuring the PRINCIPAL Family of Marks; the nature of the trade channels Principal uses to market goods and/or services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendant sells its services; the degree of public recognition of the PRINCIPAL Family of Marks; and the various federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

47. The aforesaid willful and deliberate acts of Defendant, all occurring after the PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the famous PRINCIPAL Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

48. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT IV

## Violation of Illinois Deceptive Trade Practices Act 815 ILCS 510/2

49. Principal repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

50. Illinois Deceptive Trade Practices Act 815 ILCS 510/2 defines deceptive trade practices as:

   a. Passing off goods or services as those of another;

   b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   c. Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

   d. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

   e. Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

   f. Disparaging the goods, services, or business of another by false or misleading representation of fact;

   g. Advertising goods or services with intent not to sell them as advertised.

51. Principal enjoys well-established common law rights in and to the famous PRINCIPAL Family of Marks in the state of Illinois, which are superior to any rights that Defendant may claim, and has built significant goodwill in same.

52. Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by Principal and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

53. Defendant's acts as complained of herein pass off Plaintiff's Services as the services of Defendant in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

54. Defendant's acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Plaintiff's and Defendant's Services in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

55. Defendant's acts as complained of herein create a likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Plaintiff and Defendant in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

56. Defendant's acts as complained of herein lead consumers to believe that Defendant's Services have sponsorship, approval, characteristics, benefits, and/or quantities that they do not have in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

57. Defendant's acts as complained of herein lead consumers to believe that Defendant's Services are of a particular standard and quality, when they are demonstrably of another in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

58. By engaging in these deceptive trade practices, Defendant has directed the acts alleged herein to the market generally, thereby directly implicating the consumer protection concerns invoked by the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

59. Defendant's acts, as alleged herein, have violated and continue to violate the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

60. The acts complained of herein have caused irreparable harm, damage, and injury to Plaintiff, and Plaintiff has no adequate remedy at law.

61. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT V

### Unfair Competition under Illinois Common Law

62. Principal repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

63. Principal enjoys well-established common law rights in and to the PRINCIPAL Family of Marks in the state of Illinois, which are superior to any rights that Defendant may claim, and has built significant goodwill in same.

64. Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by PRINCIPAL and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

65. Defendant used, in connection with the sale of its services, a name that is identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection, or association of Defendant's Services in that consumers thereof are likely to associate or have associated such services as originating with Plaintiff, all to the detriment of Plaintiff.

66. Defendant's acts complained of herein constitute unfair competition under the laws of the state of Illinois.

67. Defendant has been unjustly enriched and has damaged Principal's business, reputation, and goodwill.

68. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

69. Plaintiff has no adequate remedy at law.

70. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections 32(1), 43(a), 43(c), and 1114 of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. Find that Defendant committed willful acts of unfair competition, trademark dilution and deceptive acts and practices in violation of Illinois Deceptive Trade Practices Act, 815 ILCS 510/2;

C. Find Defendant liable for acts of trademark infringement and unfair competition in violation of Illinois State common law;

D. Preliminarily and permanently enjoin Defendant as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendant, from use of the PRINCIPAL and PRINCIPLE formative trademarks and service mark or any other colorable imitation of any PRINCIPAL and/or PRINCIPLE trademark, trade name, and/or

service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely, and from holding itself out as agents and/or affiliates of Principal;

 E. Order Defendant to file for voluntarily dissolution of Principle Realty Group, Inc. with the Illinois Secretary of State;

 F. Pursuant to 15 U.S.C. § 1118, order Defendant to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendant that bear any of the PRINCIPAL Family of Marks or any other mark that is likely to be confused with one or more of the PRINCIPAL Family of Marks;

 G. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

 H. Order an award of three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

 I. Order Defendant to hold in trust all illegal profits obtained from their distribution of counterfeit and infringing products that bear Plaintiff's PRINCIPAL Family of Marks;

 J. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

 K. Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order;

 L. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

  M. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: February 27, 2018      Respectfully submitted,

                <u>/s/ Jeffrey T. Norberg</u>
                Richard B. Biagi, Esq.
                Illinois Bar No. 6274572
                Jeffrey T. Norberg
                Illinois Bar No. 6315012
                **NEAL & McDEVITT, LLC**
                1776 Ash Street
                Northfield, Illinois 60093
                Telephone: (847) 441-9100
                Facsimile: (847) 441-0911